Thomas K. Shanner, SBN 218515
Shanner & Associates
7851 Mission Center Ct., Suite 208
San Diego, CA 92108
Telephone: (619) 232-3057
Toby@shannerlaw.com

**Attorney for Debtor**
BARBARA J. DUNNE

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:

**BARBARA J. DUNNE,**

    **DEBTOR.**

**BARBARA J. DUNNE,**

    **MOVANT,**

VS.

**WELLS FARGO BANK, N.A., ITS
SUCCESSORS AND/OR ASSIGNS IN
INTEREST and THOMAS H.
BILLINGSLEA, Chapter 13 Trustee,**

    **RESPONDENTS.**

Case No. 10-04993-13

**MOTION FOR ORDER TO STRIP LIEN
OF SECOND TRUST DEED HOLDER**

Hearing Date:   August 3, 2010

Hearing Time: 2:00 p.m.

Department:     1 (One)

     **TO THE HONORABLE JUDGES, WELLS FARGO BANK, N.A. ITS**

**SUCCESSORS AND/OR ASSIGNS AND THE CHAPTER 13 TRUSTEE:**

     BARBARA J. DUNNE, hereinafter "Debtor," and/or "Movant," by and through

her attorney of record, Thomas K. Shanner, hereby submits this motion pursuant to 11 U.S.C.

1322(b), 11 USC 506(a), and as noticed in paragraph 19 of the Chapter 13 Plan, for an Order to

declare the Junior Trust Deed on the Debtor's residence located at 23436 Coso #164, Mission Viejo, CA 92692, held by WELLS FARGO BANK, N.A. ITS SUCCESSORS AND/OR ASSIGNS hereinafter "Respondents," as stripped per 11U.S.C. 506(a) and 11 U.S.C. 1322(b). This motion is based upon the Points and Authorities, Declaration by Debtor, and Exhibits submitted herein.

## STATEMENT OF JURISDICTION AND VENUE

1.  The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Sections 523 and 105, and the general reference to bankruptcy Judges which has been adopted in this district.

2.    This proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B).

3.    Venue properly lies in this judicial district and this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. Section 1409.

## PARTIES TO THE ACTION

4.  BARBARA J. DUNNE (hereinafter "Debtor"), is the Debtor in the related Chapter 13 case filed under Title 11 of the UNITED STATES CODE.

5.  Debtor filed a Chapter 13 Bankruptcy, Case No. 10-04993-13, on March 29, 2010, in the United States Bankruptcy Court, Southern District of California.

6.  WELLS FARGO BANK, N.A. ITS SUCCESSORS AND/OR ASSIGNS ("Respondents") is a "Creditor" as defined by 11 U.S.C.101(10) and holds a secured "Claim" as defined by 11 U.S.C. 101(5) in Movant's Chapter13 Bankruptcy Case. The Second Priority Deed

of Trust was recorded by WELLS FARGO BANK, N.A. against the Movant's real property at 23436 Coso #164, Mission Viejo, CA 92692, "Residence."

## STATEMENT OF STANDINGS

7.  MOVANT has standing to bring this action pursuant to 11 U.S.C. Section 523 and Bankruptcy Rule 4007.

## FACTS

8.  MOVANT is the owner of residential real property located at 23436 Coso #164, Mission Viejo, CA 92692. Attached is a true and correct copy of the Legal Description. **EXHIBIT "A"**

9.  On May 12, 2010, the residence was valued at $300,000.00, by licensed Real Estate Broker, Michael Akiba.  A true and correct copy of the Broker's Price Opinion is attached as **EXHIBIT "B."**

10. The Residence is encumbered by a First Deed of Trust in the amount, on the date of filing, of $370,999.74.  Please see the true and correct copy of the proof of claim filed with the court as **EXHIBIT "C."**

11.  WELLS FARGO BANK, N.A. ITS SUCCESSORS AND/OR ASSIGNS said Deed of Trust was recorded on March 28, 2005 in the Orange County Recorders Office as Document Number 2005000228962. Please see the true and correct copy of the recorded deed of trust, attached as **EXHIBIT "D."**

12.  Since the claim of the First Trust Deed exceeds the value of the personal residence and is under-secured, Respondent's lien is likewise wholly under-secured.

/ / /

## POINTS AND AUTHORITIES and ARGUMENT

The MOVANT makes this motion under F.R. Bankr. P. 3012 which provides:

*The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.*

Pursuant to <u>Zimmer v. PSB Lending Corp. (In re Zimmer)</u>, 313 F.3d 1220, (9th Cir. Cal. 2002), a wholly unsecured lienholder is not entitled to the "anti-modification" protections of 11 U.S.C Section 1322 (b) (2).

Movant's Chapter 13 Plan provides notice that an action will be filed to void Respondents' Junior Trust Deed.  Respondent is no longer the holder of a "secured claim," since no claim exists against any value in the residence after the First Trust Deed's interests. Respondent has no valuable interest whatsoever in the Movant's residence securing its alleged claim.  The Second Deed of Trust is wholly unsecured and Respondent is not the "holder of a secured claim" per 11 U.S.C. 506(a).  Respondent's lien secures a claim against the Residence that is not an allowed secured claim and therefore the Junior Trust Deed is stripped pursuant to 11 U.S.C. 1322(b).

///

///

///

///

///

///

///

**WHEREFORE**, MOVANT respectfully prays for relief as follows:

(1) That the lien of Respondent WELLS FARGO BANK, N.A. ITS SUCCESSORS

AND/OR ASSIGNS, in the form of a Deed of Trust recorded against Movant's

real property located at 23436 Coso #164, Mission Viejo, CA 92692 be

determined wholly unsecured and stripped per 11 U.S.C. 1322(b),

(2) That any corresponding proof of claim timely filed and allowed, be deemed a general

unsecured claim,

(3) Reasonable attorney fees be awarded Movant's attorney of record,

(4)  For such further legal and equitable relief as this Court deems just and proper.


Dated:  May 12, 2010                          Shanner & Associates
                                              BY:  __/s/ Thomas K. Shanner_____
                                              Thomas K. Shanner
                                              Attorney for MOVANT,
                                              BARBARA J. DUNNE