Thomas K. Shanner #218515
Shanner & Associates
7851 Mission Center Court, Suite 208
San Diego, CA 92108
Telephone: (619) 232-3057

Attorney for Debtor
Barbara J. Dunne

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>BARBARA J. DUNNE,<br><br>DEBTOR. | Case No. 10-04993-13<br><br>**STIPULATION REGARDING DEBTOR'S MOTION FOR ORDER TO STRIP LIEN OF SECOND TRUST DEED HOLDER**<br><br>DATE: AUGUST 3, 2010<br>TIME: 2:00 P.M.<br>DEPT. 1 (ONE) |

This Stipulation is entered into by and between BARBARA J. DUNNE (hereinafter referred to as "Debtor"), by and through her attorney of record, Thomas K. Shanner, and WELLS FARGO BANK, N.A. (hereinafter referred to as "Creditor"), by and through its attorney of record, Tina M. Pivonka of Mulvaney, Kahan & Barry LLP.

## RECITALS

A. Debtor is the maker of a Note in favor of Wells Fargo Bank, N.A. in the original principal amount of $123,500.00 ("Note"), which is secured by a Second Deed of Trust encumbering the real property at 23436 Coso #164, Mission Viejo, CA 92692 (the "Subject Property"). The Deed of Trust was recorded on March 28, 2005 in the Orange County Recorder's Office as document number 2005-000228962. The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B. On March 29, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California, and was assigned Case No. 10-04993-13.

C. On May 17, 2010, Debtor filed a motion for Order to Strip Lien of Second Trust Deed Holder.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. Creditor's claim on the subject loan shall be allowed as a non-priority general unsecured claim, to be paid in accordance with Debtor's Plan.

2. The avoidance of the Creditor's Second Deed of Trust is contingent upon the Debtor's successful completion of her Chapter 13 Plan and the Debtor's receipt of a Chapter 13 Discharge.

3. The Order avoiding the lien may be recorded by the Debtor and filed with the Orane County Recorder's Office.

4. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

5. In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's Second Deed of Trust prior to the Debtor's successful completion of her Chapter 13 and receipt of a Chapter 13

Discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance as the time of the sale.

6. The subject property is valued at $300,000.00.

7. Each party shall bear their own attorneys' fees and costs incurred by the present Motion.

8. The provisions of this Stipulation shall be stated in the Order granting the Debtor's Lien Strip/Valuation Motion and

IT IS SO STIPULATED:

Dated: 7/13/10

By: _____
THOMAS K. SHANNER
Attorney for Debtor,
Barbara J. Dunne

Dated: 6/30/10

By: _____
Tina M. Pivonka
Mulvaney, Kahan & Barry LLP
Attorneys for Creditor
Wells Fargo Bank, N.A.

-3-