**CSD 1177** [05/20/10]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

BANKRUPTCY NO.

Debtor.

Order Entered on November 10, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

# APPLICATION FOR COMPENSATION AND CONFIRMATION OF
# CHAPTER 13 PLAN; AND ORDER THEREON

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through _____ with exhibits, if any, for a total of _____ pages, is granted.

//

//

//

//

//

//

DATED: November 10, 2010

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

_____
(Firm name)

By:_____
    Attorney for Debtor(s)

CSD 1177

```
APPLICATION FOR COMPENSATION AND CONFIRMATION OF CHAPTER 13 PLAN; AND ORDER THEREON
DEBTOR:                                                                  CASE NO:
```

**I.   APPLICATION FOR CONFIRMATION AND ALLOWANCE OF COMPENSATION:**

The undersigned attorney for the above-referenced Debtor(s):

    A.   Represents that the Section 341(a) meeting is concluded in this chapter 13 case and that the Debtor(s) Plan, as that term is defined in paragraph II(A) below, complies with Section 1322 and 1325(a) of the Bankruptcy Code.

    B.   Represents that a Rights and Responsibility Statement was signed by the Debtor(s) and filed in this chapter 13 case on _____ and that the fees set forth in paragraph I(C) do not exceed the applicable presumptive guideline fees as established by General Order 173 of this Court.

    C.   Represents that the paid and unpaid attorneys' fees and costs in this case are as follows:

        1.   The agreed initial fee for attorney services:                         $_____;

        2.   Additional fees not part of initial fee:                                 $_____;

        (Specify referencing any relief from stay or adversary proceeding number as relevant):

        3.   Total fees received to date:                                             $_____;

        4.   Total unpaid balance of fees:                                            $_____;

    D.   Requests that this Court:

        1.   Confirm the Debtor(s) Plan; and

        2    Allow fees as set forth in paragraph I(C) above.

**II.   ORDER CONFIRMING DEBTOR(S) PLAN AND ALLOWING ATTORNEYS FEES**

Upon considering the foregoing application, IT IS HEREBY ORDERED THAT:

    A.   The debtor(s) plan dated _____ and, if applicable, as amended by pre-confirmation modification(s) dated _____ ("Debtor(s) Plan") is confirmed.

    B.   Attorneys' fees and costs are allowed as set forth in paragraph I(C) above, and any unpaid fees shall be paid as provided for in the Debtor(s) Plan.

    C.   Nothing in this order or the Debtor(s) Plan shall be construed to have issue or claim preclusive effect on any debt nondischargeable under 11 U.S.C. 1328(a) unless a separate order of the court expressly so provides.

Approved as to form and content by Chapter 13 Trustee submission of this Order:   */s/Thomas H. Billingslea*

```
CSD 1177
```

*Signed by Judge Laura Stuart Taylor November 10, 2010*

```
CSD 1177 [11/03/08](Page 3)
APPLICATION FOR COMPENSATION AND CONFIRMATION OF CHAPTER 13 PLAN; AND ORDER THEREON
DEBTOR:  BARBARA J DUNNE              CASE NO: 10-04993-13
```

Consistent with Paragraph 19 of the Plan and this Court's order dated July 19, 2010 (Docket No. 21); (a) The value of Debtor's residence located at 23436 Coso #164, Mission Viejo, CA 92692 (the "Home") is $300,000.00; (b) The balance owing to the holder of the First Trust Deed against the home is greater than $300,000.00.; (c) The Second Trust Deed of WELLS FARGO BANK, N.A. (recorded in Orange County Recorders Office, Docket No: 2005-000228962) is wholly unsecured; (d) WELLS FARGO BANK N.A. will be treated and paid as an unsecured creditor; and (e) upon completion of the Plan and Debtor's discharge, the debts to the Creditor secured by the Creditor's Second Trust deed shall be deemed fully satisfied and Creditor shall take all steps necessary and appropriate to reconvey and release the Second Trust Deed against the Home.

/s/Thomas H. Billingslea

*Signed by Judge Laura Stuart Taylor November 10, 2010*